ORIGINAL

# In the United States Court of Federal Claims

No. 14-1249C
Filed: January 15, 2015

**FILED**

JAN 1 5 2015

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * *   *
MICHAEL WAYNE LONG,                *
                                   *
                  Plaintiff,       *
                                   *
         v.                        *
                                   *   Pro Se Plaintiff; Lack of Subject
UNITED STATES,                     *   Matter Jurisdiction.
                                   *
                  Defendant.       *
                                   *
* * * * * * * * * * * * * *   *
```

**Michael Wayne Long**, LaGrrange, KY, pro se plaintiff.

**Mark E. Porada**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were **Robert E. Kirschman, Jr.**, Director, Director, Commercial Litigation Branch, and Joyce **R. Branda**, Acting Assistant Attorney General, Civil Division, Washington, D.C.

## O R D E R

HORN, J.

On December 31, 2014, pro se plaintiff Michael Wayne Long filed a complaint in the United States Court of Federal Claims. Styled as a "Memorandum of Law," plaintiff claims that "[t]he plaintiff has clearly taken this Court's Jurisdictional statute 28 U.S.C. ## 1346, 1491 of section 28 U.S.C. # 1346 outlines this Court's Concurrent Jurisdiction with the Federal District Court over Civil Action against the United States as the respondent."[1] (emphasis in original). Plaintiff also emphasizes that "[u]nder 28 U.S.C. # 2412 the federal government and its agencies and officials sued in the official capacities are liable for costs on the same basis as everyone else."

Plaintiff further alleges that:

Pursuance under the Tucker Act, Plaintiff asfor Jurisdictional Relief for Commpensate damage in the amount of six million dollars for decades and for more than hundreds of Centuries the United States of America violated the Africans' human rights. The African were treated as tho he and her had no rights whatsoever, involving the African-America were

---

[1] Capitalization, symbols, grammar and spelling are as they appear in Mr. Long's hand-written complaint to the extent the hand-written complaint is legible.

victims of the African slave trade the United States Government had no power to establish slavery.  It is clear from the above that the U.S. of America violated an disenfranchise, upond the Negro.  The Africa-America of no constitutional rights.

The negro from africa turned into slaves many were captive, some killed and some beaten some africans were combine with orders of sweat urine, feces and vomit, infestation with sewage and foul water seriouly threaten the physical and mental well being clearly violation of tho United States Constitution of the Eighth Amendment.

On the slave ship for a period of 90 days at tho basement of the slave ship without an adequate toilet or shower for ninety day was not reasonable under state law.

. . .

The Thirteenth Amendment. The constitutional Amendment ratified January 1, 1865, that abolished slavery and involuntary servitude.

(emphasis in original). Plaintiff claims that "[t]he negroes had no right to vote," "[h]owever, indicating that political candidates had paid large sum of obtain the negro vote. . . ."

Finally, plaintiff's "Conclusion of Law" states that:

The Eleventh Amendment does not allow a plaintiff to bring a 42 U.S.C. # 1983 action against a state.

Therefore, the plaintiff respectfully request that this Court pursuant to 28 U.S.C. # 2412 that the motion be set for a hearing as expeditiously as soon as possible. At the convenience of the Court that the Plaintiff be returned by subpoena habeaus Corpus ad subjiciendim/ad testicandum.

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014). "However, "'[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co.,

518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, No. 13-1016C, 2014 WL 5648973, at *4 (Fed. Cl. Nov. 4, 2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise sua sponte, even where . . . neither party has raised this issue." Metabolite

Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 525 U.S. 826 (1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part sub. nom Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the Rules of the United States Court of Federal Claims (RCFC) and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2014); Fed. R. Civ. P. 8(a)(1), (2) (2014); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian

Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F. 3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580

(1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

Although the complaint is difficult to follow, it appears plaintiff is seeking six million dollars based on the conduct of the United States government due to alleged violation of the human rights of Africans involved in the slave trade and the constitutional rights of African-Americans more generally.   Even holding aside the statute of limitations and standing issues raised by Mr. Long's complaint, Mr. Long has not demonstrated that this court has jurisdiction over his claims.

Without explanation, plaintiff states "[t]he Thirteenth Amendment. The constitutional Amendment ratified January 1, 1865,[2] that abolished slavery and involuntary servitude." To the extent plaintiff relies on the Thirteenth Amendment to the United States Constitution, the Thirteenth Amendment does not provide jurisdiction in this court because the Thirteenth Amendment is not money-mandating. See Pleasant–Bey v. United States, 99 Fed. Cl. 363, 367 (2011) ("[T]his court does not have jurisdiction over claims based on either the Thirteenth Amendment or Fourteenth Amendment because neither mandates the payment of money damages."), appeal dismissed, 464 F. App'x 879 (Fed. Cir. 2012); see also Hebert v. United States, 114 Fed. Cl. 590, 595 (2014); Warren v. United States, 106 Fed. Cl. 507, 511 (2012).

Although plaintiff also appears to claim that transports on slave ships were violations of the Eight Amendment to the United States Constitution, the Eighth Amendment is not money-mandating and, therefore, jurisdiction to review these claims does not lie in this court. See Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'") (citations omitted); see also Jiron v. United States, 118 Fed. Cl. 190, 199 (2014) ("Nor does the United States Court of Federal Claims have jurisdiction to adjudicate claims under the Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendments to the United States Constitution."); Sellers v. United States, 110 Fed. Cl. 62, 66 (2013); Tasby v. United States, 91 Fed. Cl. 344, 346 (2010) ("[T]he Eighth Amendment prohibitions of excessive bail or fines, as well as cruel and unusual punishment, are not money-mandating.") (citation omitted).

Plaintiff also claims that "[o]n the slave ship for a period of 90 days at tho basement of the slave ship without an adequate toilet or shower for ninety day was not reasonable under state law." Although it unclear to which state law plaintiff refers, the United States Court of Appeals for the Federal Circuit has indicated that "[c]laims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1308 (Fed. Cir. 2007); see also Hicks v. United States, 118 Fed. Cl. 76, 83 (2014).

Plaintiff in his complaint also "respectfully request that this Court pursuant to 28 U.S.C. # 2412 that the motion be set for a hearing as expeditiously as soon as possible." Notwithstanding the fact that 28 U.S.C. § 2412 (2012) is a fees statute and does not address hearings, trial judges are given broad discretion to control and manage their dockets, including with respect to procedural matters. See, e.g., Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008) (citing Nolan v. de Baca, 603 F.2d 810, 812 (10th Cir. 1979), cert. denied, 446 U.S. 956 (1980)); Nutrinova Nutrition Specialties and Food Ingredients GMBH v. Int'l Trade Comm'n, 224 F.3d 1356, 1360 (Fed. Cir. 2000). "[T]he parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." Geear v. Boulder Cmty. Hosp., 844 F.2d 764, 766 (10th Cir.), cert. denied, 488 U.S. 927 (1988);

---

[2] The court notes that the Thirteenth Amendment was ratified on December 6, 1865. See United States v. Price, 383 U.S. 787, 804 (1966).

see also Toquero v. I.N.S., 956 F.2d 193, 196 n.4 (9th Cir. 1992) ("It is well-settled that oral argument is not necessary to satisfy due process."); Lake at Las Vegas Investors Grp. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir.), reh'g denied (9th Cir. 1991), cert. denied, 503 U.S. 920 (1992) (affirming the trial court and discussed the court's interpretation of a local United States District Court rule, finding no prejudicial error based on the denial of oral argument in a summary judgment motion because the party "had the opportunity to apprise the district court of any arguments it believed supported its position . . . ."). Therefore, a trial court is not required to hold a hearing, but may do so if the court believes the hearing would assist the court to resolve the case.  Trial courts have broad discretion to decide whether  or not to hold oral argument based on the filings, facts, and issues raised in that particular case.  Given the absence of jurisdiction for the court to review plaintiff's claims, the court does not believe holding oral argument would help the court to reach a decision in the above captioned case filed by Mr. Long.

Along with his complaint, plaintiff also filed a motion to proceed in forma pauperis on December 31, 2014.  As the court lacks jurisdiction over plaintiff's claims, the court grants plaintiff's motion to proceed in forma pauperis for the limited purpose of dismissing Mr. Long's complaint.  The court, notes, however, Mr. Long's long history of frivolous filings.  Indeed, the court has found dozens of cases and dozens of appeals filed by Mr. Long.[3]  The United States Court of Appeals for the Sixth Circuit repeatedly has remarked on Mr. Long's abuse of the in forma pauperis system.  In an unpublished 2010 Order, the Sixth Circuit stated:

> In 1990, this court noted that Long had, at that time, filed approximately forty-one appeals, and that virtually all of those civil rights and habeas corpus cases were meritless and repetitious. We concluded that Long's meritless filings constituted an abuse of his in forma pauperis status. Accordingly, in an effort to discourage frivolous litigation, we ordered that he pay five dollars per filing. Long v. Commonwealth, No. 89-6051, 1990 WL 6880 (6th Cir. Jan. 31, 1990) (unpublished order). Moreover, we warned Long that if he "continues to file frivolous or repetitive complaints and appeals, his right to proceed in forma pauperis may be further curtailed or limited." Long, 1990 WL 6880, at *1.

> In 2001, we found it necessary to permanently suspend the operation of Sixth Circuit Rule 22(b)(4) insofar as Long is concerned and extend the scope of Long's five dollar pre-filing requirement to cover motions purportedly filed under the procedures outlined in 28 U.S.C. § 2244. In re

---

[3] Although the vast majority of the federal cases filed by Mr. Long were filed in the United States District Courts of Kentucky, Mr. Long also previously filed two cases in this court, both of which were dismissed.  The first case, filed on August 29, 2011, was dismissed for lack of subject matter jurisdiction in an order dated October 5, 2011.  See Long v. United States, No. 11-544C. The second case, filed on May 31, 2013, also was dismissed for lack of subject matter jurisdiction in an order dated September 30, 2013. See Long v. United States, No. 13-369C.

*Long*, No. 01-5201 (6th Cir. Dec. 13, 2001). We cautioned Long that further abuses, like the one represented by the immediate case, would result in even tighter controls on his ability to gain access to this court. In fact, in appeal No. 04-5341, we ordered Long to pay the appellate filing fee ($255.00) in full in federal court. In addition, we authorized the district court to impose a similar in-full fee requirement in original actions as needed.

In re: Michael Wayne Long, No. 09-6466 (6th Cir. Sept. 20, 2010).  Like the United States Court of Appeals for the Sixth Circuit, in an effort to discourage frivolous litigation, this court orders that Mr. Long pay the full filing fee before the Clerk's Office accepts any future complaints from Mr. Long.  In the interest of justice, plaintiff's complaint is **DISMISSED**.  The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**

9